28 F.3d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard M. BOOHER, Petitioner,
v.
U.S. DEPT. OF TRANSPORTATION, National Transportation Safety
Board, Respondent.
 No. 93-2031.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 9, 1994.
Decided: July 11, 1994.
 
 On Petition for Review of an Order of the United States Department of Transportation. (EA-3901)
 ARGUED: Steven Lee Graff, Canyon Lake, CA, for petitioner.
 James Aloysius Barry, Office of the Chief Counsel, Enforcement Div., Federal Aviation Administration, Washington, DC, for respondent.
 ON BRIEF: Peter J. Lynch, Manager, Appellate Branch, Enforcement Division, Federal Aviation Administration, Washington, DC, for respondent.
 
 
 1
 U.S.Dept.Transp.
 
 
 2
 AFFIRMED.
 
 
 3
 Before RUSSELL and PHILLIPS, Circuit Judges, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 4
 Petitioner Richard Booher asks that we review an order of the National Transportation Safety Board (the Board) suspending his airline transport pilot certificate (pilot's license). We find no error in the order and affirm.
 
 I.
 
 5
 Richard Booher is a pilot for the Ingles supermarket chain. On July 10, 1989, while Booher was flying a twin-engine aircraft from Dekalb County, Georgia, to Asheville, North Carolina, on the last leg of his flights for the evening, both of his engines failed and he was forced to make an emergency landing on South Carolina Highway 11. He performed the landing safely and parked the plane on the side of the highway.
 
 
 6
 Some time later, Booher and his plane were discovered by Trooper Michael Ricken of the South Carolina Highway Patrol. Trooper Ricken states that when he arrived at the plane, gasoline cans were lying on the ground beside it and a man was pouring gasoline into the fuel tank in the wing. Booher told Ricken, Ricken recalls, that he had purchased the gasoline at a nearby Texaco station. Booher explained that he had been forced to land on Highway 11 because "he had received some bad fuel."
 
 
 7
 Booher then took off again and piloted the plane safely to Asheville. While at the airport in Asheville, he received a call from FAA Aviation Safety Inspector Cecil Davidson inquiring about his emergency landing; he told Davidson his landing had been caused by contaminated fuel, but he refused to tell Davidson where he had received the contaminated fuel. Some time after the incident, Booher filed a report on his emergency landing with the National Aeronautics and Space Administration (NASA) under the Aviation Safety Reporting Program (ASRP).[1]
 
 
 8
 The FAA believed that Booher's crash was caused not by fuel contamination but fuel starvation. As a result, it charged Booher with violating 14 C.F.R. Sec. 91.22(a), which prohibits a pilot from beginning a flight without enough fuel to fly to his destination plus thirty minutes farther. In addition, the FAA charged Booher with violating 14 C.F.R. Sec. 91.31(a), which prohibits operating an aircraft without complying with the aircraft's operating instructions, by using automobile gasoline in his airplane when his plane's operating instructions required using airplane fuel.[2]
 
 
 9
 The FAA's charges were presented to an administrative law judge (ALJ), who held a hearing. Booher testified that his engines had failed not because of fuel starvation, but because of fuel contamination, and that he had left Dekalb County, Georgia, with an adequate amount of fuel. He also stated that he had not purchased automobile gasoline after he had landed on Highway 11; instead, he had decontaminated his fuel by draining the water from it, and had taken off without placing any gasoline in his tanks.
 
 
 10
 The FAA presented as evidence the log book of Booher's plane, which showed that his fuel system had never been purged after the emergency landing, as would have been required had contaminated fuel caused the landing. It also called Trooper Ricken, who recounted that he had seen a man pouring gasoline into the plane's fuel tank when it was parked beside the highway and that Booher himself had told him that he had purchased the gasoline at Texaco.
 
 
 11
 The ALJ found that the cause of Booher's emergency landing was fuel starvation; Booher, therefore, had left Dekalb County with insufficient fuel in violation of section 91.22(a). She also found that Booher had used automobile gasoline as fuel in violation of section 91.31(a). The ALJ determined that the section 91.22(a) violation merited a thirty-day suspension of Booher's pilot license and the section 91.31(a) violation a forty-day suspension. She further held, under FAA Advisory Circular No.00-46C, that the thirty-day suspension for the section 91.22(a) violation was waived because the violation was not deliberate and Booher had voluntarily filed a report under the ASRP. The waiver was not available for the section 91.31(a) violation, she concluded, because that violation was deliberate.
 
 
 12
 The Board affirmed the ALJ's decision in its entirety.
 
 II.
 
 13
 Booher's primary argument is that his voluntary filing of the ASRP report entitled him not only to having the penalty for the section 91.22(a) violation waived, but also the penalty for the section 91.31(a) violation, even if the section 91.31(a) violation was deliberate. We reject this argument.
 
 
 14
 FAA Advisory Circular No.00-46C sets forth the rules for ASRP reports. The Circular states that when a pilot has filed an ASRP report, the FAA is limited in two respects if it seeks disciplinary action against the pilot: first, the report cannot be used against the pilot in the type of disciplinary action at issue here, section 5 of the Circular; second, the penalty for violations that are "inadvertent and not deliberate" must be waived, section 9(c) of the Circular. Here, the FAA did not use Booher's report in any way in this action. And Booher does not contest the ALJ's finding that his section 91.31(a) violation was deliberate. Under the plain terms of the Circular, therefore, Booher is not entitled to a waiver of his section 91.31(a) violation.[3]
 
 III.
 
 15
 For the reasons stated, we affirm the Board's order suspending Booher's pilot's license.
 
 AFFIRMED
 
 
 [1]
 The ASRP, run by NASA, is a program designed to reduce aircraft accidents. Under the program, pilots and other aircraft personnel are requested to report any problems involving aviation operations
 
 
 [2]
 The FAA also charged him under an additional section, but this charge is not relevant in this appeal
 
 
 [3]
 Booher also contends that the Board's findings that he violated sections 91.22(a) and 91.31(a) are not supported by substantial evidence in the record. We find this contention without merit and reject it